# United States Court of Appeals
## For the First Circuit

No. 06-1614

MYRNA GÓMEZ-PÉREZ,

Plaintiff, Appellant,

v.

JOHN E. POTTER, Postmaster General,
UNITED STATES POSTAL SERVICE,

Defendant, Appellee.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before

Torruella, <u>Circuit Judge</u>,
Baldock,<sup>*</sup> <u>Senior Circuit Judge</u>,
and Howard, <u>Circuit Judge</u>.

<u>Edelmiro A. Salas-González</u>, with whom <u>José L. Ramírez-de León</u> was on brief, for appellant.
<u>August E. Flentje</u>, Attorney, Appellate Staff, Civil Division, with whom <u>Leonard Schaitman</u>, <u>Peter D. Keisler</u>, Assistant Attorney General, <u>Rosa Emilia Rodríguez-Vélez</u>, United States Attorney, and <u>David G. Karro</u>, Attorney, United States Postal Service, were on brief, for appellee.

July 10, 2008

_____

<sup>*</sup> Of the Tenth Circuit, sitting by designation.

**TORRUELLA**, **Circuit Judge**. Myrna Gómez-Pérez ("Gómez"), a former window distribution clerk at the United States Postal Service ("USPS") in Dorado and Moca, Puerto Rico, sued the USPS and the Postmaster General, John Potter, in his official capacity. She alleged, inter alia, that her supervisors retaliated against her for filing an equal opportunity employment complaint with the USPS, and that this retaliation constituted a violation of the federal-sector provision of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a. The district court granted summary judgment for the USPS and Potter on the ground that they were entitled to sovereign immunity. Gómez-Pérez v. Potter, 2006 WL 488060 (D.P.R. Feb. 28, 2006).

On appeal, we held that the district court had erred in finding sovereign immunity applicable, as Congress has waived sovereign immunity for the USPS. Gómez-Pérez v. Potter, 476 F.3d 54, 56-57 (1st Cir. 2007). We affirmed summary judgment for the USPS and Potter, however, upon deciding that Congress did not intend for § 633a to include a cause of action for retaliation for filing an age-discrimination complaint. Id. at 60. The Supreme Court granted certiorari and reversed, holding that Congress did indeed intend such a cause of action in § 633a, and remanded to us for further proceedings. Gómez-Pérez v. Potter, 128 S. Ct. 1931, 1943 (2008). The Court expressed no disapproval of our holding on sovereign immunity.

In light of the Supreme Court's unequivocal conclusion that § 633a includes a cause of action for retaliation, and the continued viability of our holding on sovereign immunity, we vacate the district court's grant of summary judgment in favor of the USPS and Potter. We also vacate Part II(B) of our opinion, 476 F.3d at 57-60, and remand the case to the district court for further proceedings consistent with the opinion of the Supreme Court and Part II(A) of our opinion.

**<u>Reversed and remanded</u>**.